UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

JS-6
#6 /#7

CIVIL MINUTES - GENERAL

| Case No. | CV 10-3304 PSG (RZx) | Date | July 21, 2010 |
|---|---|---|---|
| Title | Roman Campos *et al.* v. Deutsche Bank National Trust Company *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):            Attorneys Present for Defendant(s):

Not Present                                                      Not Present

**Proceedings:**     **(In Chambers) Order Remanding Case**

Pending before the Court is Defendants' response to the Court's Order to Show Cause ("OSC") re: Remand. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the response, the Court REMANDS this case back to state court.

I.     Background

In July 2006, Plaintiffs Roman Campos and Maria Campos ("Plaintiffs") took out a loan from Defendant WMC Mortgage Corporation ("WMC Mortgage") on their personal residence (the "subject property"). On October 26, 2009, T.D. Servicing Company ("T.D. Servicing") foreclosed on the subject property at the direction of Barclays Capital Real Estate, Inc., DBA Homeq Servicing Corp. ("Homeq"). On February 5, 2010, Plaintiffs filed a Complaint in state court against Deutsche Bank National Trust Company, Homeq, Mortgage Electronic Registration System, Inc., T.D. Servicing, and WMC Mortgage (collectively, "Defendants"). Plaintiffs asserted only state law claims for (1) unfair business practices, Cal. Bus. & Prof. Code § 17200, (2) deceit, (3) intentional infliction of emotional distress ("IIED"), (4) unjust enrichment, (5) negligence, (6) set aside trustee sale, and (7) quiet title.

On May 3, 2010, Defendants removed the action to this Court on the grounds that Plaintiffs' complaint is based on violations of federal law. *See Notice of Removal* 2:7. On June 28, 2010, the Court issued an Order to Show Cause ("OSC") as to why this action should not be

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
#6 /#7

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3304 PSG (RZx) | Date | July 21, 2010 |
|---|---|---|---|
| Title | Roman Campos *et al.* v. Deutsche Bank National Trust Company *et al.* | | |

remanded to state court.  On July 14, 2010, Defendants filed a response to the OSC ("Response").

II.     Legal Standard

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).  Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006).  There is a strong presumption against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  However, under the "artful pleading doctrine," a defendant may remove a case where no federal question appears on the face of the complaint if a state claim asserted in the complaint is *completely* preempted by federal law. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998).

III.    Discussion

Although Plaintiffs assert only state law claims, Defendants argue that they arise under federal law.[1]  In essence, Defendants claim that Plaintiffs' state law claims (1) are completely preempted by federal law and (2) rely upon federal law.  The Court, however, disagrees.  Defendants fail to identify any particular federal statute that completely occupies the field in this case.  *See Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) ("The party asserting federal subject matter jurisdiction bears the burden of proving its existence." (citation omitted)).  Furthermore, as discussed below, Plaintiffs' individual state law claims do not arise under federal law.

---

[1] The Court's OSC also addressed a procedural defect for untimely removal, but this defect was waived when Plaintiffs did not object within 30 days.  *See Maniar v. FDIC*, 979 F.2d 782 (9th Cir. 1992).  Defendants also contend that Plaintiffs consented to federal subject matter jurisdiction when they submitted their motion for extension of time to respond to Defendants' motion to dismiss.  Even if Plaintiffs did consent, Defendants can only remove a state action to federal district court if the federal district court has subject matter jurisdiction, not simply because parties agree to jurisdiction.  *See Abrego*, 443 F.3d at 679-80.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
#6 /#7

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3304 PSG (RZx) | Date | July 21, 2010 |
|---|---|---|---|
| Title | Roman Campos *et al.* v. Deutsche Bank National Trust Company *et al.* | | |

    A.    <u>Plaintiffs' Cal. Bus. & Prof. Code § 17200</u>

    Defendants contend that Plaintiffs' first cause of action, for unfair business practices is based on federal law and is therefore proper for removal. *Response* 3:5-7. In particular, Plaintiffs allege that Defendants violated "rules established under the Code of Federal Regulations pertaining to consumer protection guidelines under Rules 2000 and 5000 of the Federal Deposit Insurance Corporation . . . and under Section 5 of the Federal Trade Commission." *Id.* at 3:9-12 (quoting *Compl.* ¶ 53). Plaintiffs also allege, under this first count, that Defendants violated the Equal Credit Opportunity Act, 15 U.S.C. § 1691, and the Fair Housing Act, 42 U.S.C. § 3601. *Id.* at 3:15-17 (citing *Compl*. ¶ 83).

    However, Plaintiffs' § 17200 claim does not arise under federal law because, in addition to the oblique references to federal regulations and laws, Plaintiffs also plead violations of state law—Plaintiffs claim that Defendants violated Cal. Civ. Code § 1632(b) when they failed to provide loan documents in Spanish. *See Castro v. Providian Nat. Bank*, 2000 WL 1929366, at *3 (N.D. Cal. 2000) (holding that when a § 17200 claim can be supported by state *or* federal law violations, it does not "arise under" federal law and is thus an improper basis for removal). Even if Plaintiffs point to violations of federal law to show that Defendants' actions were unlawful, Plaintiffs do not *have* to establish a violation of federal law in order to demonstrate their § 17200 claim. *See Roskind v. Morgan Stanley Dean Witter & Co.*, 165 F. Supp. 2d 1059, 1067 (N.D. Cal. 2001). As Plaintiffs' claim does "not depend necessarily upon a question of federal law," *see Merrell Dow Pharmaceuticals Inc. v Thompson*, 478 U.S. 804, 807, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986) (citation omitted), Plaintiffs' § 17200 claim does not "arise under" federal law and is not a proper basis for removal to this Court.

    B.    <u>Plaintiffs' Deceit Claim</u>

    Defendants also contend that Plaintiffs' second cause of action for deceit arises under federal law. Although it is a state law claim, Defendants contend that the deceit claim turns on an interpretation of federal law, namely the same federal laws mentioned in the first cause of action. *Response* 4:1-15. Again, the Court finds this argument unpersuasive. For the same reasons discussed previously, the deceit state law claim can be maintained without depending on any alleged violations of federal law. *See Roskind*, 165 F. Supp. 2d at 1067. Thus, the second

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**
**#6 /#7**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3304 PSG (RZx) | Date | July 21, 2010 |
|---|---|---|---|
| Title | Roman Campos *et al.* v. Deutsche Bank National Trust Company *et al.* | | |

cause of action does not "arise under" federal law and is not a proper basis for removal to this Court.[2]

IV.   Conclusion

Based on the foregoing, the Court REMANDS this case to state court. Accordingly, Defendants' motion to dismiss (Dkt. #6), and request for judicial notice (Dkt. #7) are hereby rendered MOOT.

**IT IS SO ORDERED.**

---

[2] Defendants do not base their removal on any of the other causes of action.